NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
PHILLIP WEEMS,                      :
                                    :   Civ. Action No. 14-7575 (RMB)
            Plaintiff,              :
                                    :
        v.                          :   **MEMORANDUM OPINION AND ORDER**
                                    :
CHERYL CURRY,                       :
                                    :
            Defendant.              :
_____:

**BUMB**, District Judge:

    This matter comes before the Court upon the Clerk's receipt of a civil complaint executed by Phillip Weems ("Plaintiff") that arrived accompanied by Plaintiff's application to proceed in this matter in forma pauperis. See Docket Entries Nos. 1 and 1-1.

    Plaintiff, a federal inmate currently confined at F.C.I. Fort Dix, Fort Dix, New Jersey, alleges that he and certain Cheryl Curry ("Defendant") are tenants in common in a real estate property ("Property") located at "2700 Lardner Street." Docket Entry No. 1, at 1-2.[1]

---

[1] Although Plaintiff did not specify the city and state of the Property's locale, this Court takes judicial notice of the fact that 2700 Lardner Street is in the City of Philadelphia, Commonwealth of Pennsylvania. See Fed. R. Evid. 201(b)(2); https://www.google.com/?gws_rd=ssl#q=2700+lardner+street+philadelphia+pa; see also Citizens for Peace in Space v. City of Colo. Springs, 477 F.3d 1212, 1218 n.2 (10th Cir. 2007) (taking judicial notice of an online locale relyying on Google Maps data); United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to

Plaintiff also asserts that Defendant: (a) has refused to pay her share of the applicable tax ensuing from her Property ownership; and (b) when Plaintiff decided to sell his share of the Property and granted limited power of attorney to certain individuals for the purposes of such sale, Defendant declined to cooperate with those individuals and, thus, obstructed facilitation of the sale Plaintiff desired.  <u>See</u>, <u>generally</u>, <u>id.</u> at 2-4.  Plaintiff, therefore, seeks: (a) a partition sale of the Property; (b) eviction of the tenants currently residing at the Property; and (c) reimbursement of the filing fee that might be collected from Plaintiff in connection with this matter.  <u>See</u> <u>id.</u> at 4.  Invoking this Court's jurisdiction over said claims, Plaintiff relied on 28 U.S.C. § 1332(a), <u>i.e.</u>, the diversity jurisdiction provision.  <u>See</u> <u>id.</u> at 2.

Here, the diversity requirements are not met.  Title 28, Section 1332 of the United States Code confers on the district courts jurisdiction over all civil actions between "citizens of different states" if "the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).
The amount in controversy in a particular action "is determined from the good faith allegations appearing on the face of the complaint."  <u>Spectacor Mgmt. Grp. v. Brown</u>, 131 F.3d 120, 122 (3d

---

judicial notice for the obvious reason that geographic locations are facts which are not generally controversial").

Cir. 1997) (citing St. Paul Indem. Co. v. Red Cab Co., 303 U. S. 283, 288-89 (1938), (internal citations omitted)).[2]  Here, Plaintiff's complaint is entirely silent as to the Property's value.  Correspondingly, for that reason alone, Plaintiff's pleading is deficient.

Moreover, even if this Court were to hypothesize that the value of the Property exceeds $75,000, the requirements of Section 1332(a) still do not appear to be met because Plaintiff and Defendant are *not* citizens of different states: they are both Pennsylvania citizens.

With regard to that issue, the history of Plaintiff's criminal proceeding is highly instructive.[3]  On October 18, 2011, a bench warrant was issued against Plaintiff by the United States District Court for the Eastern District of Pennsylvania ("EDPA").  See United States v. Weems, Crim. Action No. 11-0633 (JS) (E.D.P.A.), Docket Entry No. 2.  The warrant was issued upon

---

[2]  When the legal matter is a dispute over real property, courts look to the value of the property at issue to determine the amount in controversy.  See Land Holdings Ltd. v. Mega Holdings, Inc., 283 F.3d 616, 620 (3d Cir. 2002); Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961) ("[C]ourts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunctions, in suits for specific performance of a contract to convey realty").

[3]  Under Fed. R. Evid. 201(b)(2), this Court may take judicial notice of Plaintiff's prior proceedings, including his criminal prosecution.  See Jackson v. Broad. Music, Inc., 2006 U.S. Dist. LEXIS 3960, at *18 (S.D.N.Y. Jan. 31, 2006)

filing of numerous charges against Plaintiff.  See id., Docket Entry No. 1.

Upon his arrest, Plaintiff moved for bail, asserting that he "lived within the [C]ity of Philadelphia most of his life and also co-own[ed the Property]."  Id., Docket Entry No. 23, at 2. Plaintiff entered a guilty plea. see id., Docket Entry No. 34, and – on February 26, 2014 – was sentenced to 121 months.  See Docket Entry No. 65, at 2.  The Bureau of Prisons ("BOP") assigned him to serve his sentence at F.C.I. Fort Dix.  See id. at 2; see also http://www.bop.gov/inmateloc/.  After spending nine months in Fort Dix confinement, Plaintiff commenced the matter at bar arguing that his confinement at Fort Dix should have transformed him into a citizen of New Jersey for the purposes of his claims against Defendant.  See Instant Matter, Docket Entry No. 1, at 1.

Plaintiff errs.  The fact that Plaintiff is – and has been for the last nine months – an inmate housed at Fort Dix does not and cannot supply him with New Jersey domicile.  "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled *prior* to incarceration, unless the inmate [establishes domicile by showing contacts and the intent to remain] elsewhere when he is released[,] in which event citizenship would be that state."  McCracken v. Murphy, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004) (emphasis supplied, citing

4

Flanagan v. Shively, 783 F. Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)).[4] Here, Plaintiff has shown no ties with New Jersey. To the contrary, during his criminal proceedings, he has continuously maintained and averred to his ties with Pennsylvania. In his bail application, he expressly stated that he lived in Philadelphia and had a household there. In addition, in the instant matter, he asserted payments of taxes in Pennsylvania. No statement in his complaint, short of his reference to his current place of incarceration, suggests that he has any connection to New Jersey or that he established a New Jersey domicile prior to incarceration. Therefore, he is not diverse from Defendant, who – according to Plaintiff's pleading – is also a citizen of Pennsylvania. See Instant Matter, Docket Entry No. 1, at 1. Because Plaintiff has not met his burden of

---

[4] For purposes of determining diversity, state citizenship is equated with domicile. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972); Parr v. Grenko, 1993 U.S. Dist. LEXIS 9122, at *3 (E.D. Pa. Jul. 9, 1993). Domicile is not synonymous with residence: indeed, one can reside in one place and be domiciled in another. See id. Residence *and* an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. See id. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. See Federal Practice & Procedure § 3612, at 530-31; see also Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir. 1995); Krasnov, 465 F.2d at 1301; Connors v. UUU Prods., 2004 U.S. Dist. LEXIS 6417, at *8 (E.D. Pa. Mar. 15, 2004).

establishing diversity jurisdiction, his complaint is also subject to dismissal on that ground.

Furthermore, even if this Court were to presume that Plaintiff may, somehow, establish his pre-incarceration domicile in New Jersey, his action for partition sale is improperly venued in this Court.[5] Here, Defendant is in Philadelphia, Defendant's alleged refusal to cooperate with Plaintiff's attempt to sell the Property took place in Philadelphia and – to the extent his action for partition sale could be construed as an action <u>in</u> <u>rem</u>, rather than an <u>in</u> <u>personam</u> proceeding against Defendant, the Property at issue is situated in Philadelphia, thus making venue in Pennsylvania more appropriate. See <u>R & R Capital, LLC v. Merritt</u>, 2007 U.S. Dist. LEXIS 78754 (E.D. Pa. Oct. 23, 2007). Correspondingly, even if Plaintiff could establish New Jersey

---

[5] Venue is governed by 28 U.S.C. § 1391(b) which provides that a civil action may be brought in:

(1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

domicile (or domicile in any other State, short of Pennsylvania) and the amount in controversy exceeding $75,000, his diversity jurisdiction action would be, at best, subject to transfer to the EDPA.[6]

Moreover, Plaintiff's application for eviction of the current tenants residing at the Property cannot be entertained for failure to add these indispensable parties to this suit.[7]

---

[6] Under Section 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, such transfer does not appear in the interest of justice because the EDPA, same as this Court, is likely to lack subject matter diversity-based jurisdiction over Plaintiff's challenges.  Therefore, vo such transfer will be directed.

[7] Federal Rule of Civil Procedure 12 permits the dismissal of a complaint for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Federal Rule of Civil Procedure 19, in turn, requires the joinder of certain parties under certain enumerated circumstances.  See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).  In relevant part, Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)  as a practical matter impair or impede the person's ability to protect the interest; or

Here, the current tenants of the Property cannot be evicted unless they are made parties to Plaintiff's suit and duly served, and unless their tenancy claims are satisfied. Correspondingly, neither Plaintiff nor Defendant can have their interests related to the Property adjudicated – and cannot be accorded complete relief – until and unless the tenants of the Property are afforded their day in court. Consequently, Plaintiff's complaint is also subject to dismissal on that ground.

Finally, Plaintiff's application for reimbursement of the filing fee he is yet to pay is facially speculative. As the disposition portion of this Memorandum Opinion and Order details, the filing fee will be collected from Plaintiff only in the event there are certain sufficient deposits to his prison account. Thus, until and unless Plaintiff pays the filing fee, his alleged "loss" is and will remain speculative. To add, no statement in Plaintiff's complaint indicates that Defendant is or could be liable for Plaintiff's election to commence this deficient matter in the federal forum instead of Pennsylvania state court.[8] Thus,

---

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

[8] Indeed, it appears that Defendant is not even aware of Plaintiff's commencement of this matter.

Plaintiff's application for reimbursement of his yet-to-be-paid filing fee will be denied as frivolous.

IT IS, therefore, on this **11th** day of **December 2014**,

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis, Docket Entry No. 1-1, is granted, and the Clerk shall file the complaint, Docket Entry No. 1, without prepayment of the filing fee; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve this Order upon the United States Attorney for the District of New Jersey and, in addition, upon the Warden of Plaintiff's current place of confinement.  Such service shall be executed by regular U.S. mail or, in alternative, by means of electronic delivery; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of this litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the Bureau of Prisons shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the Bureau of Prisons shall assess and deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

**ORDERED** that Plaintiff's complaint, Docket Entry No. 1, is dismissed and the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that this Court retains its jurisdiction over the instant matter for the period of ninety days, subject to extension, if warranted; and it is further

**ORDERED** that Plaintiff may have this matter reopened in the event he submits, within thirty days from the date of entry of this Memorandum Opinion and Order, his written statement: (a) detailing the factual bases for his position that he has established a pre-incarceration domicile in New Jersey; (b) asserting, under penalty of perjury, that the value of the Property exceeds $75,000; (c) showing cause as to why this matter shall not be transferred to the EDPA in the event diversity

jurisdiction is established; and (d) joining the indispensable parties to this suit; and it is further

**ORDERED** that Plaintiff's application for reimbursement of the filing fee he is yet to pay in connection with this matter is denied with prejudice; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
